
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10251 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00495-SRB-1 |
| v. | |
| GILBERTO MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 11, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[***] District
Judge.

Defendant Gilberto Martinez appeals his convictions, after a jury trial, for

possessing five kilograms or more of cocaine with intent to distribute; possessing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

100 kilograms or more of marijuana with intent to distribute; possessing 50 grams or more of methamphetamine with intent to distribute; using, carrying, or possessing a firearm in furtherance of a drug-trafficking crime; and being a felon in possession of firearms and/or ammunition, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(vii) & (b)(1)(A)(viii); 18 U.S.C. § 924(a)(2) & (c)(1)(A)(i); and 18 U.S.C. § 922(g)(1).  We affirm.

1.  On de novo review, United States v. Duenas, 691 F.3d 1070, 1079 (9th Cir. 2012), we hold that the district court properly denied the motion to suppress. Probable cause and exigent circumstances justified the warrantless entry and limited search of the home, see Hopkins v. Bonvicino, 573 F.3d 752, 766–67 (9th Cir. 2009) (stating those two requirements for warrantless entry).  At approximately 2:50 a.m. on March 31, 2014, an anonymous 911 caller reported that he saw four or five males—at least one of whom was armed—break into a nearby duplex by kicking down the door.  After the door was kicked in, the caller heard loud yelling and possibly gunshots.  The information obtained from the 911 caller was corroborated before the officers entered the home by Defendant's flight from the scene, the contraband found in Defendant's truck and outside an apartment complex where he had momentarily stopped as he fled from police, and the visible evidence of forced entry at Defendant's home.  Moreover, victims or

2

suspects might still have been in the duplex, and the officers limited their search to "systematically clear[ing] the rooms" to ensure that there were no "potential suspects or victims" still in the duplex. That the officers took 51 minutes to locate the house before entering does not affect our conclusion, because they reasonably concluded upon arrival that their immediate entry was necessary "to protect or preserve life or avoid serious injury." United States v. Echegoyen, 799 F.2d 1271, 1278 (9th Cir. 1986) (quoting Mincey v. Arizona, 437 U.S. 385, 392 (1978)).

Even if we were to conclude that the warrantless entry was unlawful, suppression is not an appropriate remedy because the warrant application was independently supported by evidence obtained before the entry. See United States v. Driver, 776 F.2d 807, 812 (9th Cir. 1985) ("The warrant may be upheld even where it contains tainted and untainted facts as long as the untainted portions contain a sufficient showing of probable cause to render the warrant valid."). The affidavit in support of the warrant listed several untainted observations that established probable cause.

2. The district court acted within its discretion, United States v. Anekwu, 695 F.3d 967, 978 (9th Cir. 2012), when it declined to ask a proposed voir dire question that inquired whether any of the potential jurors would be "more inclined to find the defendant guilty . . . solely because he has prior felony convictions."

3

During voir dire, the district court informed the potential jurors that one of the charges against Defendant alleged that he was a <u>felon</u> in possession of a firearm. After advising the jurors of that charge, the district court asked them if they would be able to presume Defendant's innocence and hold the government to its burden of proof. The district court also asked potential jurors whether they had "strong feelings about the criminal justice system" that would prevent them "from giving either the government or the defendant a fair trial." Finally, after empaneling the jury, the district court gave specific limiting instructions as to how the jury was to treat Defendant's prior felony convictions for evidentiary purposes. Those steps were sufficient to ensure Defendant had a fair trial. <u>See</u> <u>United States v. Medina Casteneda</u>, 511 F.3d 1246, 1250 (9th Cir. 2008) (holding that a district court did not abuse its discretion in refusing to ask a proposed voir dire question because the court asked "a more general question regarding the juror's ability to follow the law in accordance with the judge's instruction").

**AFFIRMED.**